# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
MILEIK ROBINS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 02-80194

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

CONTINUED ON PAGE TWO

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| January 4, 2012 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is alleged to have violated several conditions of his supervised release. Defendant is scheduled for a hearing on the alleged violations before the Honorable Victoria Roberts on January 11, 2012 at 3:30 p.m. Defendant requests a bond and the government seeks detention to assure Defendant's appearance at the violation hearing before Judge Roberts.

Defendant admits to regular (daily) marijuana use and has been unable to refrain from using during the entirety of his supervised release. He was ordered into an outpatient substance abuse program by the probation department on April 6, 2011. Defendant was unsuccessfully discharged from treatment on September 29, 2011 having attended only one appointment during his five month period of enrollment.

Additionally, Mr. Robins has tested positive for marijuana on the following dates: March 9, 2009, June 2, 2009, July 7, 2009, December 1, 2010, January 31, 2011, and on August 10, 2011 he tested positive for marijuana and morphine. Defendant admits to continuing daily use of marijuana as recently as May 4, 2011.

Mr. Robins has been in absconder status from December 1, 2008 through March 9, 2009 and from September 7, 2010 through December 1, 2010. He has failed to report on multiple (9) occasions.

It is believed that Mr. Robins' continued use of marijuana is the reason that he has been unable to comply with conditions of supervised release. Because a preponderance of the evidence leads this Court to conclude that Mr. Robins' regular and daily us of marijuana is the reason that he has been so consistently noncompliant with the conditions of his supervised release, and because he has failed his substance abuse treatment program for his failure to attend, and because he tested positive for marijuana today, the date of his detention hearing, this Court is unable to conclude that he would be able to comply with conditions of bond at this time. His track record on supervised release is the best indicator of his ability to comply with conditions of bond, and that track record is dismal. Therefore Mr. Robins is deemed to be a risk of non-appearance, and there is no condition or combination of conditions that would assure his appearance before Judge Roberts on January 11, 2011. Detention is therefore Ordered.